# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

*In the matter of*

FEDERAL RULE OF CRIMINAL
PROCEDURE 5(f) and the DUE PROCESS
PROTECTIONS ACT

**MISCELLANEOUS GENERAL
ORDER 21-11**

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the government to produce to the defendant in a timely manner all such information or evidence. This Miscellaneous General Order supersedes MGO 21-03 issued on February 2, 2021, and complies with the Revisions to Due Process Protections Act Model Orders recently approved by the Ninth Circuit Judicial Council.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court

noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

DATED this 15th day of April, 2021.

| | | |
|---|---|---|
| */s/ Timothy M. Burgess* | */s/ Sharon L. Gleason* | */s/ Joshua M. Kindred* |
| Hon. Timothy M. Burgess | Hon. Sharon L. Gleason | Hon. Joshua M. Kindred |
| Chief United States District Judge | United States District Judge | United States District Judge |

Distribution:

| | |
|---|---|
| District Judges | Magistrate Judges |
| U.S. Attorney | Federal Public Defender |
| Clerk of Court | U.S. Probation & Pretrial Services |
| Court Librarian | Court Rules Attorney |
| Alaska Bar Assn | Active Attys via ECF |